**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARCO GRANILLO,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **EP- 3:25-CV-00256-KC** |
| | § | |
| **PROKOPEV VALER II and ROVAT** | § | |
| **SPEDITION LLC,** | § | |
| *Defendants.* | § | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Defendant Rovat Spedition LLC's ("Rovat") Motion for Summary Judgment, ECF No. 16 [hereinafter "Mot. Summ. J."] and Plaintiff's motion for sixty days of leave to designate expert witnesses, as set forth in Plaintiff's Response to Defendant's Motion for Summary Judgment and Motion for Leave to Designate Expert Witnesses, ECF No. 20 [hereinafter "Resp."]. The motions were referred to the undersigned Magistrate Judge by United States District Judge Kathleen Cardone, pursuant to 28 U.S.C. § 636(b)(1) and Rule 1 of Appendix C to the Local Rules. *See* Order, ECF No. 22.

For the reasons set forth herein, the Court **ORDERS** Plaintiff's request to designate expert witnesses is **GRANTED IN PART** and **DENIED IN PART.** The Court further **RECOMMENDS** Rovat's Motion for Summary Judgment be **GRANTED IN PART**, as to Plaintiff's negligent hiring, training, and retention claims, but **DEFERS** making a recommendation as to the remaining requests.

## I.    BACKGROUND

Plaintiff alleges that on or about January 10, 2025, he was involved in a vehicle collision caused by the negligence of another individual, herein referred to as Prokopev. Def. Rovat

Spedition LLC's Notice of Removal Ex. A-1, Pl.'s Orig. Pet. 3, ECF No. 1-2 [hereinafter "Pet."].[1]

Following the alleged collision, Plaintiff filed this action for damages, including compensation for past medical expenses. *Id.* at 8. In his Petition, Plaintiff claimed Rovat should be held directly liable for negligent entrustment, negligence per se, negligent hiring, negligent training, negligent retention, and negligent supervision, *id.* at 5–8, and vicariously liable for Prokopev's negligence under the doctrine of respondeat superior, *id.* at 4.

On February 4, 2026, Rovat moved for summary judgment on all of Plaintiff's claims, asserting that Plaintiff could not establish liability under any of his proffered negligence theories. Mot. Summ. J. 4–6. Rovat further asked that the Court "[g]rant partial summary judgment dismissing Plaintiff's claim for past medical expenses," arguing Plaintiff was legally incapable of proving such a claim due to the absence of expert testimony. *Id.* at 6–7.

In response, Plaintiff conceded he lacked "viable causes of action for negligent hiring, training and retention against [Rovat]," and thus "agree[d] to dismiss those claims." Resp. at 8. However, he opposed summary judgment as to his vicarious liability, negligent entrustment, negligence per se, and negligent supervision claims, as well as his claim for past medical expenses. *Id.* at 5–8. Plaintiff further requested he be granted sixty days of leave to belatedly designate experts to support his damages claim. *Id.* at 8–9.

## II.    LEGAL STANDARD

When a movant seeks summary judgment on a claim for which the nonmovant ultimately bears the burden of proof at trial, the movant may demonstrate its entitlement "to summary

---

[1] Throughout the course of litigation in this matter, the individual alleged to be operating the tractor trailer has been referred to as "Valerii Prokopev," "Prokopev Valer II," and "Prokopev Valerii." *See, e.g.,* Pet. 1; Resp. 1; Def. Rovat Spedition LLC's Notice of Removal 4, ECF No. 1. For clarity, the Court will refer to the alleged driver as "Prokopev."

judgment not only by producing evidence negating [the nonmovant's] claims," *Reynolds v. Sovran Acqs.*, *L.P.*, 650 F. App'x 178, 180 (5th Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)), but also by "pointing to an absence of evidence to support the nonmoving party's case,'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005) (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)) (citing Celotex, 477 U.S. at 323; *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)); *see Celotex*, 477 U.S. at 323 ("find[ing] no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim").

Upon such a demonstration, the burden shifts to the nonmovant to "identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). To discharge this burden, the nonmovant must do more than "make 'conclusory allegations' or 'unsubstantiated assertions.'" *Reynolds*, 650 F. App'x at 180 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Instead, he "must 'identify specific evidence in the record' and 'articulate the precise manner in which the evidence supports ... h[is] claim[s].'" *Id.* (quoting *Ragas*, 136 F.3d at 458). "[O]nly evidence —not argument, not facts in the complaint—will satisfy [a nonmovant's] burden." *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 164 (5th Cir. 1991).

Where a nonmovant "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," a court may "consider the fact undisputed for purposes of the motion" or even "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3). However, given federal courts' strong preference to resolve cases on the merits

rather than on procedural technicalities, the "preferred first step" is generally to "give [the nonmovant] an opportunity to properly support or address the fact." *See id.* at 56(e)(1); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment, subdivision (e); *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (citing *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986)) ("Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits."); *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980) (recognizing that because consequences of summary judgment "are so severe," courts "must always guard against premature truncation of legitimate lawsuits merely because of unskilled presentations").

## III.    DISCUSSION

### A.  The Court orders that Plaintiff's motion for sixty days of leave to designate expert witnesses be granted in part and denied in part.

Under Texas law, a party seeking to recover its past medical expenses must prove that the costs incurred were reasonable and necessary. *In re Chefs' Produce of Hou., Inc.*, 667 S.W.3d 297, 301 (Tex. 2023) (citing *In re Allstate Indem. Co.*, 622 S.W.3d 870, 877 (Tex. 2021)). Within the federal courts, a plaintiff cannot satisfy this evidentiary burden without expert testimony. *See id.*[2]

It is uncontested that the deadline by which Plaintiff was ordered to designate experts elapsed on January 12, 2026, without Plaintiff filing any such designations. Resp. 8; *see* Sched. Order 1, ECF No. 6. In his Response, filed March 6, 2026, Plaintiff asked the Court to grant him

---

[2]    While claimants appearing in Texas state courts may produce section 18.001 affidavits to prove that past medical expenses were reasonable and necessary, *In re Allstate Indem. Co.*, 622 S.W.3d at 876, such evidence is not admissible as an alternative to live expert testimony in federal courts, where such use would conflict with federal procedures concerning expert designations, *see Duron v. Costco Wholesale Corp.*, No. EP-23-CV-324-KC, 2025 WL 2429084, at *1 (W.D. Tex. June 16, 2025) (citing *Schmidt v. Blue Monster Transp., Inc.*, 606 F. Supp. 3d 424, 426 (N.D. Tex. 2022); *Vasquez v. Aguilera*, 19-cv-117, 2021 WL 8945613, at *2 n.1 (S.D. Tex. Aug. 11, 2021)).

sixty days of leave to designate all his treating providers as expert witnesses, so that he may "continue to seek the needed treatment before having to designate any experts on which his past medical expenses will depend." Resp. 8. In support of the request, Plaintiff explained he had been unable to "fully or adequately" designate his experts because he was "still consulting with several providers on the possibility of . . . surgery and ha[d] not made a determination about his surgeon." *Id.* at 8–9.

Under Federal Rule of Civil Procedure 16(b)(4), the Court may grant a movant's request to allow an untimely expert designation only where there is "good cause" to modify the existing scheduling order. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In deciding whether to allow evidence that was not timely designated, a trial court must consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

In evaluating the first factor, it is reasonable that Plaintiff could not designate an expert to opine on the costs and necessity of treatment by the court-provided deadline, given that he had not yet selected his surgeon or begun treatment by the time the designation date passed. *See Domingues v. Horseshoe Tunica, LLC*, No. 3:19CV281-MPM-RP, 2020 WL 6386979, at *1 (N.D. Miss. Oct. 30, 2020) (finding explanation for untimely designation favored modification of expert designation deadline where doctor did not begin treating plaintiff until after deadline); *Jones v.*

*Chevron U.S.A., Inc.*, No. CIV.A. H-11-0851, 2012 WL 6652364, at *1 (S.D. Tex. Dec. 20, 2012) (same). Accordingly, the Court finds Plaintiff's explanation for his failure to designate weighs toward modifying the expert designation deadline. The second factor – the importance of the testimony – likewise favors Plaintiff, as he is unable to prove past medical expenses without expert testimony. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

As to the third factor, Plaintiff asserts there will be no prejudice to Rovat, Resp. 9, and Rovat, for its part, identifies no prejudice it would suffer, *see* Reply. Even so, the Fifth Circuit has recognized that permitting a movant's untimely expert designations can deprive a nonmovant of the opportunity to depose late experts, file Daubert challenges, and present its own rebuttal experts. *See Betzel*, 480 F.3d at 708. However, this prejudice could be cured with an order continuing trial and extending relevant pretrial deadlines. *See id.* (holding, under similar circumstances, "[a] continuance would have given [nonmovant] an opportunity to depose [late] expert witnesses, to file *Daubert* challenges, and to designate experts for rebuttal"). Therefore, the third and fourth factors do not overcome those favoring an extension.

In light of the foregoing considerations, there is good cause to permit Plaintiff to designate his treating providers as expert witnesses. Even still, the Court views Plaintiff's request for an additional sixty days in which to file designations as excessive. By Plaintiff's own calculations, he would have had "sufficient time to seek the needed treatment" by early May. Resp. 9. Therefore, Plaintiff shall be granted seven days to designate his treating providers as expert witnesses, rather than sixty.

Plaintiff's request to designate expert witnesses is thus granted in part, insofar as Plaintiff requests leave to designate his treating providers as expert witnesses, and denied in part, insofar as he requests that leave be extended for a sixty-day period.

6

**B. The Court defers issuing a recommendation as to Rovat's request that the Court grant partial summary judgment dismissing Plaintiff's claim for past medical expenses.**

Turning to Rovat's Motion for Summary Judgment, Rovat asks the Court to grant partial summary judgment dismissing Plaintiff's claim for past medical expenses, arguing he is "legally incapable" of sustaining such a claim without expert testimony. Mot. Summ. J. 7. Given that Plaintiff will be allowed seven days to designate experts to testify about his past medical expenses, the Court will defer issuing a recommendation as to this request for partial summary judgment until the extended designation deadline has elapsed.

**C. The Court recommends summary judgment be granted as to the negligent hiring, training, and retention claims against Rovat.**

As a prerequisite to his negligent hiring, training, and retention claims, Plaintiff must establish that Rovat employed Prokopev. *See Rayner v. Claxton*, 659 S.W.3d 223, 244–45 (Tex. App. 2022) (citing *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 294 (Tex. 1996)) ("Claims for negligent hiring, supervision, and training are properly made only against the tortfeasor's employer; establishing an employer–employee relationship between the defendant and the tortfeasor is a prerequisite to establishing the duty element"); *see also Douglas v. Hardy*, 600 S.W.3d 358, 367 (Tex. App. 2019) (citing *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 504 (Tex. 2017)) (holding while "[n]o general duty to control others currently exists in Texas, . . . a special relationship such as the employer-employee relationship may sometimes give rise to a duty to aid or protect others").

In moving for summary judgment, Rovat identified evidence negating Plaintiff's claim that the individual operating the vehicle was employed by Rovat. *See* Mot. Summ. J. 4–5; Decl. Rubens Gheorghe, President of Rovat Spedition, LLC ¶¶ 2, 6, ECF No. 16-2 [hereinafter "Decl."]. In response, "Plaintiff concede[d] . . . that there are no viable causes of action for negligent hiring, training and retention against . . . Rovat," and thus "agree[d] to dismiss those claims." Resp. 8.

Therefore, the Court recommends summary judgment be granted as to Plaintiff's negligent hiring, training, and retention claims.

**D. The Court defers issuing a recommendation as to Rovat's requests that the Court grant summary judgment dismissing Plaintiff's negligence per se, negligent entrustment, negligent supervision, and vicarious liability claims.**

In accordance with Judge Cardone's Standing Order Regarding Motions for Summary Judgment, Rovat annexed a document entitled "Proposed Undisputed Facts" ("PUF") to its summary judgment motion, "set[ting] forth in separately numbered paragraphs a concise statement of each material fact as to which [it] contend[ed] there [was] no genuine issue to be tried." *See* Mot. Summ. J., Def. Rovat Spedition LLC's PUF, ECF No. 16-1; *see also* Standing Order Regarding Motions for Summary Judgment 1 (W.D. Tex. May 1, 2012), https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Order-Regarding-Motions-for-Summary-Judgment.pdf [hereinafter "Standing Order"].

In responding to PUF, the Standing Order required Plaintiff to include a separate section entitled "Disputed Issues of Material Fact" ("DIMF"), listing "each issue of material fact as to which it is contended there is a genuine issue to be tried." Standing Order 1. Plaintiff was also required to respond to Rovat's PUF with a "Response to Proposed Undisputed Facts" ("RPUF"), "stat[ing] in separately numbered paragraphs corresponding to the paragraphs contained in [Rovat's PUF] whether each of the facts asserted by the moving party is admitted or denied," and support each denial with a citation to specific materials in the record. *Id.* at 1–2. Unless controverted in accordance with these requirements, the Standing Order provided that "[a]ll material facts set forth in [Rovat's PUF] will be deemed admitted." *Id.* at 1.

However, Plaintiff's Response contained neither an RPUF or DIMF. *See* Resp. Instead, the Response included a section titled "Defendant's Proposed 'Undisputed' Facts Are in Dispute," in which he indicated whether he "dispute[d]" or "d[id] not dispute" each fact in Rovat's PUF –

functioning, in effect, as a combined RPUF and DIMF. *See* Resp. 2–4. Insofar as the filing was intended to fulfill the requirements of an RPUF, it was defective – for every fact that Plaintiff claimed was in dispute, he failed to provide any citation to materials in the record. *Id.*[3] Therefore, pursuant to the Standing Order, each of the facts set forth in Rovat's PUF could be deemed admitted. And, based on the Court's preliminary review of the facts and arguments presented thus far, such a ruling would, in all likelihood, lead to a recommendation that summary judgment be granted as to all or some of Plaintiff's claims.

However, a court may choose to relax or deviate from the requirements set forth in a standing order. And, in light of the general preference for resolving cases on their merits, this Court finds Plaintiff should be afforded a final opportunity to substantiate his claims before it issues its recommendation concerning the remaining requests for summary judgment. *See* Fed. R. Civ. P. 56(e)(1); *see also Jackson*, 864 F.2d at 1241 (citing *Jackson*, 789 F.2d at 310); *Murrell*, 615 F.2d at 311.[4] Accordingly, Plaintiff will be granted leave to file a surreply addressing whether the Court should grant summary judgment on his negligent entrustment, negligent supervision, negligence per se, and vicarious liability claims. The Court will further defer issuing a recommendation as to Rovat's remaining requests until Plaintiff has had a final opportunity to support his claims and Rovat has had an opportunity to reply.

## IV.    CONCLUSION

---

[3]    The Court notes that, throughout the Response, Plaintiff advances legal propositions that are unsupported by any citation to authority. *See, e.g.,* Resp. 2 ("Courts routinely hold that these regulations create fact issues regarding control and responsibility for the operation of commercial vehicles."); *id.* at 6 ("Courts consistently recognize that these regulations may create statutory employment relationships and factual questions regarding responsibility for the operation of the vehicle."). Plaintiff is advised that, to the extent he wishes to avoid summary judgment, he should not expect the Court to locate supporting cases on his behalf.

[4]    Providing such an opportunity appears to be especially appropriate here, where Plaintiff contends discovery concerning material facts was still ongoing when the Motion for Summary Judgment was filed. Resp. 7–8.

9

For the foregoing reasons, the Court **ORDERS** Plaintiff's request to designate expert witnesses, as set forth in Plaintiff's Response to Defendant's Motion for Summary Judgment and Motion for Leave to Designate Expert Witnesses, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART.**  The request is **GRANTED IN PART,** insofar as Plaintiff  requests leave to designate his treating providers as expert witnesses, and **DENIED IN PART,** insofar as he requests that leave be extended for a sixty-day period.

**IT IS ORDERED** that Plaintiff shall designate any treating providers he may call as expert witnesses **on or before July 22, 2026.**

**IT IS FURTHER ORDERED** that the parties shall jointly file a proposed scheduling order **on or before July 29, 2026**.  The proposed scheduling order shall include:

1. a deadline by which Rovat may designate rebuttal experts, if any;
2. a deadline by which Rovat may complete limited discovery concerning Plaintiff's experts, including any depositions of such experts;
3. a deadline by which Plaintiff may complete limited discovery concerning Rovat's rebuttal experts, if any, including any depositions of such rebuttal experts;
4. a deadline by which Rovat may file additional dispositive motions; and
5. a proposed trial date.

As for Defendant Rovat Spedition LLC's Motion for Summary Judgment, ECF No. 16, the Court:

1. **RECOMMENDS** the motion be **GRANTED IN PART**, as to Plaintiff's (1) negligent hiring claim, (2) negligent training claim, and (3) negligent retention claim;

2. **DEFERS** issuing a **RECOMMENDATION** as to Rovat's request that the Court grant partial summary judgment dismissing Plaintiff's claim for past medical expenses; and

3. **DEFERS** issuing a **RECOMMENDATION** as to Rovat's requests that the Court grant summary judgment dismissing Plaintiff's negligent entrustment, negligent supervision, negligence per se, and vicarious liability claims.

The Court **ORDERS** that **on or before July 29, 2026,** Plaintiff may file a surreply addressing (1) whether the Court should grant partial summary judgment in favor of Rovat on Plaintiff's claim for past medical expenses and (2) whether the Court should grant summary judgment in favor of Rovat on Plaintiff's negligent entrustment, negligent supervision, negligence per se and vicarious liability claims.

The Court **FURTHER ORDERS** that, should Plaintiff choose to submit a surreply, Plaintiff **must**:

1. attach a **Response to Proposed Undisputed Facts** and a **Disputed Issues of Material Fact** that complies with the requirements set forth in the Standing Order;

2. support **every factual assertion** with a **citation** to attached evidentiary materials; and

3. support **every legal proposition** with a **citation** to applicable statutes, rules, or case law.

The Court **FURTHER ORDERS** that Rovat may respond to any surreply filed by Plaintiff by filing a sur-surreply **within seven days of Plaintiff's filing**.

Plaintiff is **ADVISED** that failure to timely designate experts or file a surreply which complies with each of the requirements set forth herein may result in a recommendation that Defendant's remaining requests for summary judgment be granted.

**SIGNED** this 15th day of July, 2026.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR,**

**OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**