**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARCO GRANILLO,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **EP-25-CV-256-KC** |
| | § | |
| **PROKOPEV VALER II and ROVAT SPEDITION LLC,** | § | |
| | § | |
| | § | |
| ***Defendants.*** | | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Rovat Spedition LLC's ("Rovat") Motion for Summary Judgment, ECF No. 16 [hereinafter "Mot."]. The motion was referred to the undersigned Magistrate Judge for report and recommendation by United States District Judge Kathleen Cardone. For the reasons set forth herein, the Court **RECOMMENDS** Rovat's Motion for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

Plaintiff alleges that on or about January 10, 2025, he was involved in a vehicle collision caused by the negligence of another individual, herein referred to as Prokopev. Not. Removal Ex. A-1, Pl.'s Orig. Pet. 3, ECF No. 1-2 [hereinafter "Pet."].[1] At the time of the collision, Prokopev is

[1] Throughout the course of litigation in this matter, the individual alleged to be operating the other vehicle has been referred to as "Valerii Prokopev," "Prokopev Valer II," and "Prokopev Valerii." *See, e.g.*, Pet. 1; Pl.'s Resp. Def.'s Mot. Summ. J. & Mot. Leave Designate Expert Wits. 1, ECF No. 20 [hereinafter "Resp."]; Def. Rovat Spedition LLC's Not. Removal 4, ECF No. 1. For ease of reference, the Court will refer to the alleged driver as "Prokopev."

alleged to have been operating a tractor trailer (the "Vehicle") which was owned and controlled by Rovat, during the course and scope of Prokopev's employment with Rovat. *Id.*

Plaintiff subsequently filed this action for damages, including compensation for past medical expenses. Pet. 8. In his Petition, Plaintiff claimed Rovat should be held directly liable for negligent entrustment, negligence per se, negligent hiring, negligent training, negligent retention, and negligent supervision, *id.* at 5–8, and vicariously liable for Prokopev's negligence under the doctrine of respondeat superior, *id.* at 4.

On February 4, 2026, Rovat moved for summary judgment on all of Plaintiff's claims, asserting that Plaintiff could not establish liability under any of his proffered negligence theories. Mot. 4–6. Rovat further asked that the Court "[g]rant partial summary judgment dismissing Plaintiff's claim for past medical expenses," arguing Plaintiff was legally incapable of proving such a claim given the absence of expert testimony. *Id.* at 6–7.

In response, Plaintiff conceded he lacked "viable causes of action for negligent hiring, training and retention against [Rovat]," and thus "agree[d] to dismiss those claims." Resp. 8. However, he opposed summary judgment as to his vicarious liability, negligent entrustment, negligence per se, and negligent supervision claims, as well as his claim for past medical expenses. *Id.* at 5–9. Plaintiff further requested leave to belatedly designate experts to support his damages claim. *Id.* at 8–9.

On July 15, 2026, this Court recommended the district court grant summary judgment as to Plaintiff's negligent hiring, training and retention claims, based on Plaintiff's concession that the claims were not viable. *See* Order & R. & R. 7–8, 10, ECF No 23 ["July 15, 2026 Order"]. The Court further ordered Plaintiff to designate all treating providers by July 22, 2026, and granted Plaintiff leave to file a surreply addressing the identified deficiencies in his Response by July 29,

2026. *Id.* at 10–11. The Court determined it would defer issuing a recommendation as to Rovat's remaining requests for summary judgment until these deadlines elapsed but advised Plaintiff "that failure to timely designate experts or file a surreply … may result in a recommendation that Defendant's remaining requests for summary judgment be granted." *Id.* at 10–11.

Despite the Court's orders and guidance, both deadlines passed without the Plaintiff filing a surreply, notifying the Court that he had designated experts, or requesting that deadlines be extended. Accordingly, the Court finds it proper to consider Rovat's remaining requests for summary judgment based on the record before it.

## II. LEGAL STANDARD

The party seeking summary judgment bears the initial burden "of informing the district court of the basis for its motion" and identifying the portions of pleadings or evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a movant seeks summary judgment on a claim for which the non-movant ultimately bears the burden of proof at trial, the movant may demonstrate its entitlement "to summary judgment not only by producing evidence negating [the nonmovant's] claims but also by pointing to the absence of admissible evidence supporting [his] claims." *Reynolds v. Sovran Acqs.*, 650 F. App'x 178, 180 (5th Cir. 2016) (citing *Celotex*, 477 U.S. at 323–24).

Upon such a demonstration, the burden shifts to the nonmovant to "identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998)). To discharge this burden, the nonmovant must do more than "show 'some metaphysical doubt as to the material facts' or make 'conclusory allegations' or

'unsubstantiated assertions,' or provide 'only a 'scintilla' of evidence.'" *Reynolds*, 650 F. App'x at 180 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Instead, he "must 'identify specific evidence in the record' and 'articulate the precise manner in which the evidence supports ... h[is] claim[s].'" *Id.* (quoting *Ragas*, 136 F.3d at 458). "[O]nly evidence – not argument, not facts in the complaint – will satisfy [a nonmovant's] burden." *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 164 (5th Cir. 1991). And, while a court must "resolve factual controversies in favor of the nonmoving party," it will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (emphasis omitted).

## III. DISCUSSION

Remaining before this Court are Provat's requests for summary judgment on Plaintiff's claims for: (1) vicarious liability; (2) negligent supervision; (3) negligent entrustment; (4) negligence per se; and (5) past medical expenses. The Court considers each request for summary judgment in turn.

### A. The Court recommends granting summary judgment on the vicarious liability claims.

Plaintiff first claims any negligence by Prokopev should be imputed onto Rovat under the doctrine of respondeat superior, because Prokopev was acting "in the course and scope his employment with [Rovat] at the time of the incident in question." Pet. 4.

In this context, Rovat may be held vicariously liable under the doctrine of respondeat superior only if, at the time of the collision, Prokopev "(1) was an employee and (2) was acting in the course and scope of his employment" with Rovat. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018) (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007); *Limestone Prods. Distrib. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002)). The first prong of this analysis turns on whether Rovat had a "right to control the [Prokopev's] actions

undertaken to further [Rovat's] objectives." *See Painter*, 561 S.W.3d at 132 (quoting *FFP Operating Partners, LP v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007)); *see also Thompson v. Travelers Indem. Co. of R.I.*, 789 S.W.2d 277, 278 (Tex. 1990) (citing *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 585–90 (Tex. 1964)) (recognizing first step of vicarious liability analysis requires finding putative employer "ha[d] the right to control the progress, details, and methods of operations of [tortfeasor's] work").

In its Motion, Rovat argues that summary judgment should be granted as to the vicarious liability claims, because "Plaintiff cannot establish the required employment relationship." Mot. 4. In support, Rovat produced a declaration signed by Rubens Gheorghe, President of Rovat, in which Gheorghe declared that "Rovat did not employ the driver operating the Vehicle" at the time of the incident and denied having ever had the right to "right to hire, fire, supervise, train, or control Prokopev's work." Mot. Exs. 1, ECF No. 16-2 [hereinafter "Decl."] (emphasis omitted).

Because Rovat showed that Plaintiff lacks evidence that the required relationship existed between Rovat and Prokopev at the time of the accident, the burden shifts to Plaintiff to support his claims. Although Plaintiff asserted that he "disputes that Rovat did not employ the driver operating the vehicle at the time of the incident alleged in Plaintiff's pleading," he failed to cite any specific evidence in the record showing such a relationship existed. *See* Resp. 3. Indeed, the only affirmative evidence Plaintiff references is a Lease Agreement between Rovat and a motor carrier, Atlasib LLC ("Atlasib"), which stated in somewhat ambiguous terms that Rovat "leased to [Atlasib] certain motor vehicle equipment … *owned and controlled by* [Rovat], whereby [Rovat] is providing [Atlasib] as operator or operators of the Equipment for the purpose of loading, transporting and unloading freight." *Id.* at 6–7 (emphasis added); Decl. 3. Plaintiff seemingly interprets the contract language to mean Rovat retained control over the Vehicle throughout the

lease term, rather than merely at the time the Lease was executed. *Id.*[2] Even accepting Plaintiff's preferred interpretation of these terms, evidence of Rovat's right to control *the Vehicle* does not amount to evidence of a right to control *the driver*. Accordingly, Plaintiff has failed to sufficiently support his claim that the required relationship existed between Prokopev and Rovat at the time of the incident.

The Court therefore **RECOMMENDS** summary judgment be **GRANTED** as to the vicarious liability claims.

**B. The Court recommends granting summary judgment on the negligent supervision claim.**

Plaintiff's next claim is premised on his allegations that Rovat "wholly faile[d] to properly and adequately … supervise [Prokopev] to adequately and safely operate the [V]ehicle." Pet. 5–6.

As with vicarious liability, Plaintiff must establish that Rovat employed Prokopev as a prerequisite to his negligent supervision claim. *See Douglas v. Hardy*, 600 S.W.3d 358, 367 (Tex. App. 2019) (citing *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 504 (Tex. 2017)) (holding while "no general duty to control others currently exists in Texas, … a special relationship such as the employer-employee relationship may sometimes give rise to a duty to aid or protect others"); *Rayner v. Claxton*, 659 S.W.3d 223, 244–45 (Tex. App. 2022) (citing *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 294 (Tex. 1996)) ("Claims for negligent … supervision … are properly made only against the tortfeasor's employer; establishing an employer–employee relationship between the defendant and the tortfeasor is a prerequisite to

---

[2] Plaintiff also appears to argue that 49 C.F.R. § 376.12(c) could be read to "create[] a fact issue regarding operational control and responsibility," such that an employment relationship could be found. *See* Resp. 6–7. However, the cited regulation imposes an obligation on the *lessee* – not the *lessor*. *See* 49 C.F.R. § 376.12(c). Because evidence on the record identifies Rovat as the lessor, *see* Resp. 7, Plaintiff has not shown that the cited regulation imposes an obligation on Rovat.

establishing the duty element"). In moving for summary judgment, Rovat once again identified evidence negating Plaintiff's claim that the individual operating the vehicle was employed by Rovat. *See* Mot. 4–5; Decl. ¶¶ 2, 6. And again, Plaintiff failed to place the existence of an employer-employee relationship at issue. *See* Resp. 6–8. Accordingly, Plaintiff did not discharge his summary judgment burden. *See* discussion *supra* Section III(A).

The Court thus **RECOMMENDS** summary judgment be **GRANTED** as to the negligent supervision claim.

**C. The Court recommends granting summary judgment on the negligent entrustment claim.**

Plaintiff next claims Rovat should be held liable for his injuries because Rovat "negligently entrusted [the V]ehicle to Defendant Prokopev on the date of the collision." Pet. 5.

To establish a claim for negligent entrustment of a vehicle, Plaintiff must show:

> (1) entrustment of a vehicle by [Rovat]; (2) to an unlicensed, incompetent, or reckless driver; (3) that [Rovat] knew or should have known to be unlicensed, [incompetent, or reckless,] (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident.

*Wright v. Weaver*, 516 F. App'x 306, 309 (5th Cir. 2013) (quoting *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex. 1987)); *see also 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016). Texas appellate courts have held that "[i]mplicit in these criteria is that the driver to whom the vehicle was entrusted was the same driver who proximately caused the accident." *Martin v. Avis Rent-A-Car Sys., Inc.*, 932 S.W.2d 697, 699 (Tex. App. 1996), *writ denied* (Apr. 18, 1997) (citing *Frito–Lay, Inc. v. Queen,* 873 S.W.2d 85, 86 (Tex. App.—San Antonio 1994, writ denied); *see also Drooker v. Saeilo Motors,* 756 S.W.2d 394, 399 (Tex. App.—Houston [1st Dist.] 1988, writ denied)); *see also Adams v. Boulevard Auto Rentals*, No. 10-02-00300-CV, 2004 WL 2066743, at *3 (Tex. App. Sept. 15, 2004) (citation omitted)

(granting summary judgment where "it is undisputed that … the entrustee was not the driver of the vehicle at the time of the accident").

In seeking summary judgment, Rovat argued that there is an absence of evidence that Plaintiff entrusted the vehicle to the driver. Mot. 5. In response, Plaintiff asserted that the Lease Agreement "demonstrates that Rovat owned the tractor and entered into a commercial leasing arrangement." Resp. 2. But Plaintiff offered no evidence showing how Rovat's contract with Atlasib amounts to entrustment of the vehicle to the identified driver, Prokopev. Accordingly, Plaintiff failed to carry his burden to show a genuine dispute of fact exists as to whether Rovat entrusted the vehicle to the driver. *See Milian v. PV Holding Corp.*, No. 4:20-CV-02947, 2023 WL 2652260, at *2 (S.D. Tex. Mar. 27, 2023) (granting defendant's motion for summary judgment where defendants entrusted vehicle to third-party company, who then rented vehicle to driver, as there was "no genuine issue of material fact as to whether [defendants] entrusted the vehicle to [driver] wrongfully, or otherwise").

The Court thus **RECOMMENDS** summary judgment be **GRANTED** as to Plaintiff's negligent entrustment claim.

### D. The Court recommends denying summary judgment in part and granting it in part as to the negligence per se claims.

In bringing claims under a negligence per se theory, Plaintiff claims Rovat violated the standard of care imposed under certain provisions of the Texas Transportation Code ("TTC"), and Federal Motor Carrier Safety Regulations ("FMCSRs"). Pet. 6–8.[3]

---

[3] Specifically, Plaintiff claims Rovat violated the TTC by: (1) stopping, parking, or leaving standing the Vehicle on the highway, in violation of Section 545.301; (2) failing to keep the Vehicle within the proper lane of traffic and moving unsafely between lanes, in violation of Section 545.060; (3) "[f]ailing to obey roadway pavement markings regulating the movement of traffic," in violation of Sections 544.004 and 545.060; (4) turning the Vehicle "to move in the opposite direction when approaching a curve," in violation of Section 545.102; (5) turning when unsafe, in violation of section 545.103; (6) parking, stopping, or leaving standing the Vehicle when unsafe, in violation of Sections 545.301 through 545.303; (7) failing to carry visible warning devices in the Vehicle, in violation of Section

"Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997) (collecting cases).[4] Rovat argues summary judgment should be granted as to the negligence per se claims, because its evidence demonstrates that Rovat was merely the vehicle's lessor, Mot. 5–6; Decl. 3,[5] and the cited penal statutes only impose a standard of conduct on the "driver or motor carrier responsible for the transportation movement," Mot. ¶ 11. Once again, Plaintiff responded by stating he "dispute[d]" Rovat's evidence but proffered no evidence to support his claim that Rovat operated the vehicle or acted as a motor carrier. *See* Resp. 3–4.

In the Petition, Plaintiff alleged Rovat violated Section 393.95 of the FMCSRs by failing to equip the vehicle with required emergency equipment. Pet. 7–8. Contrary to Rovat's arguments, the standard of care set forth in Section 393.95 of the FMSCRs is imposed on "intermodal equipment provider[s]," in addition to motor carriers and motor carrier drivers. *See* 49 C.F.R. § 393.1(b)(2) ("Every *intermodal equipment provider* … must be knowledgeable of and comply with the applicable requirements and specifications of [Part 393]"); *id.* § 393.1(d) ("No *intermodal*

---

547.502; (8) "[f]ailing to display hazard lamps or devices when stopped on a roadway," in violation of Sections 547.503 through 547.505; and (9) failing to display hazard devices while view of the Vehicle was obstructed, in violation of Section 547.507. *See* Pet. 6–7. Plaintiff further claims Rovat violated the FMCSRs' prohibitions against: (1) "[d]riving more than 10 hours following 8 consecutive hours off duty," in violation of Section 395.3; (2) "[w]orking more than 15 hours following 8 consecutive hours off duty," in violation of Section 395.5; (3) "[f]ailing to place warning devices around the stopped vehicle," in violation of Section 392.22; and (4) "[f]ailing to equip the vehicle in question with emergency equipment," in violation of Section 393.95. Pet. 7–8.

4 Although the FMSCRs are regulations, rather than penal statutes, the Texas Department of Public Safety has incorporated each of the relevant provisions of the FMCSRs as penal statutes by reference. *See* Tex. Transp. Code § 644.051 (empowering public safety director to "adopt all or part of the federal safety regulations by reference"); *id.* § 644.151 (West) (providing rules adopted by public safety director are Class C misdemeanors); Tex. Admin. Code § 4.11(a) (providing public safety director incorporates by reference, *inter alia*, parts 392, 393, and 395 by reference).

5 In support of its Motion, Rovat set forth a Lease Agreement dated March 14, 2024, which identifies Rovat as the "Equipment Owner" leasing its vehicle to "Carrier/Registrant" Atlasib. Decl. at 3. Rovat also submitted a declaration by Gheroge in which he states that, at the time of the incident, (1) the lease was in effect, (2) "Rovat did not operate, possess, or exercise operational control over the Vehicle;" and (3) Rovat "did not act as a motor carrier or transport freight in connection with the transportation movement at issue." *Id.* at 1.

*equipment provider* may … cause or permit [intermodal] equipment to be operated, unless it is equipped in accordance with the requirements and specifications of [Part 393]"). Because Rovat does not argue that there is an absence of evidence to prove it is an intermodal equipment provider – nor would such an argument be viable, based on the evidence Rovat has produced in support of its Motion – the Court will not grant summary judgment on Plaintiff's negligence per se claim based on the duty imposed by Section 393.95 of the FMSCRs. *See* Mot.; Decl. 3.[6]

As to Plaintiff's remaining bases for negligence per se, the relevant portions of the TTC and Sections 395.3 and 392.22 of the FMSCRs set a standard of conduct for motor vehicle operators and carriers, rather than lessors. *See* Tex. Transp. Code §§ 544.004, 545.060, 545.102–03, 545.301–03, 547.502–05, and 547.507; 49 C.F.R. §§ 395.3, 392.22. Because Plaintiff offered no evidence that Rovat served as a motor carrier or vehicle operator at the time of the incident, summary judgment should be granted on the negligence per se claim to the extent it is based on these identified provisions.[7]

Accordingly, the Court **RECOMMENDS** summary judgment be **DENIED** as to the negligence per se claim premised on the duty imposed by Section 393.95 of the FMSCRs.

---

[6] An "intermodal equipment provider" is "any person that interchanges intermodal equipment with a motor carrier pursuant to a written interchange agreement or has a contractual responsibility for the maintenance of the intermodal equipment." 49 C.F.R. § 390.5. "Intermodal equipment" is "trailing equipment that is used in the intermodal transportation of containers over public highways in interstate commerce, including trailers and chassis." *Id.*

[7] Even if this wasn't a basis for summary judgment to be granted, Rovat further identifies that summary judgment should be granted as to the provisions of the TTC which prohibit drivers from "[m]oving from one lane to another when unsafe to do so," § 545.060, "[t]urning when unsafe" § 545.103, or parking, stopping, or leaving a vehicle standing "when unsafe," §§ 545.301–545.303. *See* Mot. 6. This Court agrees. Under Texas law, where a "violation of the duty imposed by a statute is dependant upon a jury determining if the act was unreasonable or imprudent, then the statute cannot be one involving negligence per se." *Borden, Inc. v. Price*, 939 S.W.2d 247, 250 (Tex. App. 1997), writ denied (Sept. 4, 1997) (collecting cases). "Texas courts have previously held that a statute that requires a driver proceed *safely* imposes on the driver a duty of reasonable care, thus precluding a negligence per se instruction." *Louisiana-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998) (citing *Borden*, 939 S.W.2d at 250–51; *Smith v. Central Freight Lines, Inc.*, 774 S.W.2d 411, 415 (Tex. App.—Houston [14th Dist.] 1989, writ denied)).

The Court **FURTHER RECOMMENDS** summary judgment be **GRANTED** as to the remaining negligence per se claims.

**E. The Court recommends granting summary judgment on Plaintiff's claim for past medical expenses.**

Finally, Plaintiff claims entitlement to legal damages for "[r]easonable and necessary [past] medical care and expenses." Pet. 8.

Under Texas law, a party seeking to recover its past medical expenses must prove that the costs incurred were reasonable and necessary. *In re Chefs' Produce of Hou., Inc.*, 667 S.W.3d 297, 301 (Tex. 2023) (citing *In re Allstate Indem. Co.*, 622 S.W.3d 870, 877 (Tex. 2021)). Within the federal courts, a plaintiff cannot satisfy this evidentiary burden without expert testimony. *See Duron v. Costco Wholesale Corp.*, No. EP-23-CV-324-KC, 2025 WL 2429084, at *1 (W.D. Tex. June 16, 2025)

In its Motion, Rovat moved for summary judgment as to Plaintiff's claims for past medical expenses, because "Plaintiff has designated no medical provider or other qualified expert, and under Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1), is therefore legally incapable of proving the reasonableness or necessity of any past medical expenses at trial." Mot. 7. In response, Plaintiff conceded he had not designated any experts or submitted the required Rule 26(a)(1) disclosures as of March 6, 2026. Resp. 8. And despite being granted an extension to make these designations and file a surreply addressing "whether the Court should grant partial summary judgment in favor of Rovat on Plaintiff's claim for past medical expenses," *see* July 15, 2026 Order 10–11, Plaintiff has not timely notified the Court that any designations were made or otherwise demonstrated that summary judgment should not be granted. Accordingly, based on the record before it, the Court finds Plaintiff cannot prove the reasonableness or necessity of his past medical expenses.

Therefore, the Court **RECOMMENDS** summary judgment be **GRANTED** as to claims for past medical expenses.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Rovat's Motion to Dismiss, ECF No. 95, be **GRANTED IN PART** and **DENIED IN PART**.

**SIGNED** this 5th day of August, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**