**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARCO GRANILLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-25-CV-256-KC** |
| | § | |
| **PROKOPEV VALER II and ROVAT SPEDITION LLC,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On this day, the Court considered the case. On August 5, 2026, United States Magistrate Judge Robert F. Castaneda issued his Report and Recommendation ("R&R"), ECF No. 24, on the Motion for Summary Judgment ("Motion"), ECF No. 16. On August 18, 2026, Rovat objected in part to the R&R. *See* Obj., ECF No. 27. For the following reasons, the Objection is **SUSTAINED**, the R&R is **ADOPTED** in part and **REJECTED** in part, and the Motion is **GRANTED**.

## I. BACKGROUND

On February 4, 2026, Defendant Rovat Spedition LLC ("Rovat") filed a Motion for Summary Judgment. The Court referred the Motion to Judge Castaneda, June 14, 2026, Text Order, who issued his R&R on August 5, 2026. Rovat timely objected. *See* Obj. This Order assumes familiarity with the R&R, in which the background is described in much greater detail. *See Roberts v. Mgmt. & Training Corp.*, No. 19-cv-530, 2021 WL 707862, at *1 (S.D. Miss. Feb. 23, 2021) ("The Court . . . is not 'required to reiterate the findings and conclusions of the magistrate judge.'" (quoting *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993))).

## II. DISCUSSION

### A. Standard

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

### B. Analysis

Rovat makes only one objection. Obj. 4–9. For his part, Plaintiff has not objected at all, and the deadline to do so has long elapsed. As to the portions of the R&R to which no party objects, the Court has reviewed them and finds that they are neither clearly erroneous, contrary to law, nor an abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).

Rovat contends that the R&R should have dismissed Plaintiff's sole remaining negligence per se claim because Rovat does not owe any duty under 49 C.F.R. § 393.95, a regulation that requires commercial trucks to be equipped with certain emergency equipment. Obj. 1, 8. Specifically, Rovat argues that there is no evidence that it is an "intermodal equipment provider," such that it would be obliged to comply with § 393.95 pursuant to § 393.1(b)(2), an adjacent provision of the Federal Motor Carrier Safety Regulations ("FMCSR"). *See* Obj. 2, 4–7. Because § 393.95 provides the sole source for any remaining negligence per se claim, Rovat argues that it is entitled to summary judgment on this claim. *See id.*

On de novo review, Rovat's argument that it was not an intermodal equipment provider with respect to the leased vehicle, and thus owed no duty under the FMCSRs, is persuasive. Obj.

6–7. As an initial matter, Rovat correctly posits that the FMCSRs impose obligations on intermodal equipment providers for "the inspection, repair, and maintenance of intermodal equipment." Obj. 5; 49 C.F.R. § 393.1(b)(2). The other relevant scoping provision similarly limits the duty of intermodal equipment providers to the furnishment and maintenance of intermodal equipment. *See id.* § 393.1(d) ("No intermodal equipment provider may operate intermodal equipment, or cause or permit such equipment to be operated, unless it is equipped in accordance with the requirements and specifications of this part.").

It follows that if Rovat leased intermodal equipment to Prokopev, Rovat would have been obliged to comply with the standard of care under the FMCSRs for the furnishing of safety equipment on that leased intermodal equipment. Intermodal equipment is defined as trailing equipment used in the intermodal transportation of containers, including trailers and chassis. 49 C.F.R. § 390.5; Obj. 5. Intermodal equipment is distinct from "power units," which include trucks, truck tractors, and buses. *See* 49 C.F.R. § 393.95.

It is undisputed that Rovat leased a Freightliner tractor ("Vehicle") to Defendant Prokopev. *See* Pet. ¶ 11, ECF No. 1-2. Rovat and Prokopev's Lease Agreement specifies the leased equipment as a 2025 vehicle with the make "FRHT." *See* Mot. Ex. A ("Lease Agreement") 3, ECF No. 16-2. And Plaintiff describes the Vehicle as a "tractor." *See* Resp. Motion ¶ 4, ECF No. 2. Again, vehicles, and specifically tractors, are not intermodal equipment. *See* 49 C.F.R. § 390.5

To be sure, the Petition indicates that a trailer was attached to the Vehicle, forming a unit known as a tractor-trailor. *See* Pet. ¶¶ 9, 23 (describing the vehicle as a "tractor trailer" and alleging that Prokopev failed to properly handle a "tractor with semi trailer(s)"). Assuming that the trailer component of the tractor-trailer unit was a piece of intermodal equipment, *see* 49

C.F.R. § 390.5, there is no evidence that Rovat leased the trailer component to Prokopev, such that Rovat would be obliged to comply with the standard of care applicable to intermodal equipment providers. *See generally* Pet.; Resp. Motion. Plaintiff points to no such evidence, Resp. Mot., and the Lease Agreement does not include mention of intermodal equipment. *See* Lease Agreement 3.

Accordingly, even if Rovat may act as an intermodal equipment provider in another context, there is no evidence that Rovat provided any intermodal equipment to Prokopev in this case. In sum, the R&R faulted Rovat for the incomplete framing of one of its summary judgment arguments—Rovat argued only that § 393.95 did not apply because it was neither a motor carrier nor a motor carrier driver. R&R 9. Rovat failed to acknowledge that § 393.95's duties also apply to intermodal equipment providers by way of § 393.1(b)(2) and, critically, failed to explain why it was not acting as an intermodal equipment provider in this case. *See id.* In its Objection, Rovat has now remedied the omission in its prior briefing and established that there is no indication whatsoever in the summary judgment record that it acted as an intermodal equipment provider. Plaintiff, despite the opportunity to file his own objections or respond to Rovat's Objection, has not done so. Thus, there is an absence of evidence to support Plaintiff's negligence per se claim based on the duty imposed by § 393.95 of the FMSCRs.

## III. CONCLUSION

For the foregoing reasons, Rovat's Objection to the R&R is **SUSTAINED**, and Magistrate Judge Castaneda's R&R, ECF No. 24, is **ADOPTED** in part and **REJECTED** in part.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment, ECF No. 16, is **GRANTED**. All of Plaintiff's claims against Rovat are **DISMISSED** with prejudice.

**SO ORDERED**.

**SIGNED this 30th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE